IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:21-CR-225 |
| v. ) | |
| ) | The Honorable Leonie M. Brinkema |
| MOHAMMED TARIQ, ) | |
| ) | Sentencing: April 26, 2022 |
| *Defendant.* ) | |
| ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The defendant, Mohammed Tariq, comes before the Court for sentencing after his conviction at trial for abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(5) and 7(3). The defendant's guidelines have been correctly calculated in the Presentence Investigation Report (PSR) as 41-51 months' imprisonment.  *See* Dkt No. 56 ("PSR").  The United States respectfully submits that a Guidelines sentence is sufficient but not greater than necessary to effectuate the statutory sentencing factors under 18 U.S.C § 3553(a).  The United States also respectfully requests that the Court impose a substantial term of supervised release and a $100 special assessment pursuant to 18 U.S.C § 3013.

### I. Background

In September of 2021, the defendant, an Afghan refugee who was housed at Camp Upshur onboard Marine Corps Base Quantico, was observed inappropriately touching and interacting with a 3-year-old girl ("the minor victim").  *See* PSR ¶ 8.  The minor victim and her family are also Afghan refugees who were residing at Camp Upshur following their evacuation from Afghanistan. *Id.*  In the evening of September 22, 2021, four United States Marines who were patrolling the camp as security witnessed the interaction between the defendant and the minor victim, where the

defendant was kissing the victim on her head and neck, and touching her chest, back, buttocks, and vaginal area through her clothing. *Id.* When the minor victim attempted to get away from the defendant, the defendant was observed grabbing her arm and pulling her back to him in order to continue his touching of her until she eventually managed to get away from him. *Id.*

On September 23, 2021, the defendant was charged by Criminal Complaint with one count of simple assault, in violation of 18 U.S.C. § 133(a)(5). *Id.* at ¶ 1. On October 13, 2021, a one-count Indictment was filed charging the defendant with Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(5) and (7)(3). *Id.* at ¶ 3. On January 20, 2022, a jury trial commenced for the defendant and the jury returned a guilty verdict the following day. *Id.* at ¶ 5.

## II.  Guidelines Calculations

As the Court is aware, although the Sentencing Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing, a court "must first calculate the Guidelines range" applicable to the defendant. *Nelson v. United States*, 555 U.S. 350, 351 (2009); s*ee also Gall v. United States*, 552 U.S. 38, 49-50 (2007). Here, the PSR correctly calculated the total offense level for the defendant under the Guidelines as follows:

**COUNT ONE – Abusive Sexual Contact**

| Guideline | |
|---|---|
| Base offense level (U.S.S.G. § 2A3.4(a)(3)) | 12 |
| The victim had not attained the age of 12 years and the offense level is less than 22. U.S.S.G. § 2A3.4(b)(1)) | +10 |
| **TOTAL OFFENSE LEVEL** | **22** |

PSR at ¶¶ 14-22. The defendant's criminal history score is zero, resulting in a Criminal History Category I. *Id* at ¶¶ 25-26. Based on a total offense level of 22 and Criminal History Category I,

the defendant's Guidelines sentencing range is 41-51 months of incarceration. *Id* at Part D. Neither the government nor the defendant has submitted any objection to this calculation.

### III. Section 3553(a) Factors

After calculating the Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351; *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). With respect to § 3553(a)'s enumerated factors, of particular relevance here are the "nature and circumstances of the offense," the need for the sentence "to reflect the seriousness of the offense," and the need for the sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2). As explained below, consideration of these factors suggests that a Guidelines sentence is appropriate in this case.

#### A. The nature, circumstances, and seriousness of the defendant's offense.

The defendant's offense is extremely egregious. The seriousness of groping a small child is beyond dispute. Children are among the most vulnerable members of our society and are especially deserving of protection. And the victim in this case – a 3-year-old refugee newly displaced from her home country – was especially vulnerable. She and her family sought safety and sanctuary in the United States, and, because of the defendant, they did not find that. Instead, she was kissed inappropriately and groped all over her body while desperately trying to get away. The irreparable harm he has caused to the minor victim and her family warrants a substantial term of incarceration.

#### B. The need to afford adequate deterrence to criminal conduct.

A Guidelines sentence is sufficient but not greater than necessary to deter the defendant and others from engaging in this conduct in the future. As the evidence demonstrates, despite

being out in public on a Marine Corps Base, the defendant had no compunction about approaching, engaging with, and inappropriately touching a 3-year-old girl with whom he had no relationship. And not only did he kiss and grope her in front of others, but he restrained her and continued to grope her after she made clear attempts to get away from him.  The lack of inhibition to touching a child this way is deeply troubling and a significant sentence is warranted to deter the defendant from engaging in this kind of behavior in the future. More broadly, a Guidelines sentence is warranted here to deter other potential child sex offenders from engaging in similar conduct. Many offenders believe that they enjoy a level of impunity when abusing small children because of the challenges associated with a young child's ability to perceive and communicate the nature of their victimization at that time.  A significant sentence is warranted to send a clear message that this type of exploitation will not be tolerated.

### IV.    Supervised Release

The Court must also determine the appropriate term of supervised release at sentencing. "Supervised release . . . is not a punishment in lieu of incarceration." *United States v. Granderson*, 511 U.S. 39, 50 (1994).  Instead, it "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000).   Under 18 U.S.C. § 3583(k), the authorized term of supervised release here is at least five years and up to life.  This five-year mandatory minimum term reflects a heightened concern for recidivism among sex offenders and the need for supervision over time. *See* H.R. Rep. No. 107–527 at 2 (2002) ("[S]tudies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes [and that] . . . the recidivism rates do not appreciably decline as offenders age"); H.R. Conf. Rep. No. 108-66 at 49–50 (2003).  Notably, the Guidelines recommend a lifetime term of supervised release for sex offenders, U.S.S.G. § 5D1.2(b) (Policy Statement), and the Fourth Circuit has

4

observed that § 3583(k) and 5D1.2(b) jointly "reflect[] the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public." *United States v. Morace*, 594 F.3d 340, 351 (4th Cir. 2010) (quotation marks and citations omitted). For the reasons above, the United States respectfully recommends that the Court impose a substantial term of supervised release with the conditions of supervision contemplated under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(d)(7) for sex offenders required to register under the Sex Offender Registration and Notification Act.

## CONCLUSION

For the reasons above, the United States respectfully requests that the Court impose a Guidelines sentence, a substantial term of supervised release, and a $100 special assessment under § 3013.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By:      /s/
Patricia M. Haynes
Assistant United States Attorney
Whitney Kramer
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Patricia.Haynes@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel of record in this case.

Respectfully submitted,

/s/
Whitney Kramer
Special Assistant United States Attorney (LT)